**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO:

BERNITA PLOWDEN, and all others
similarly situated,

    Plaintiff(s),

v.

DRUG ABUSE FOUNDATION OF
PALM BEACH COUNTY, INC.,

    Defendant.

_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, BENITA PLOWDEN ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, DRUG ABUSE FOUNDATION OF PALM BEACH COUNTY, INC. (hereinafter referred to as "Defendant") and alleges as follows:

**INTRODUCTION**

1. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant refused to pay Plaintiff and all other similarly situated Therapists during the three (3) year period preceding the filing of this lawsuit.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the State of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Florida corporation located and transacting business within Palm Beach, Florida, within the jurisdiction of this Honorable Court. Defendant is headquartered and operates its principal location at 400 South Swinton Ave., Delray Beach, Florida 33444.

4. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices related to company employees.

## JURISDICTION AND VENUE

6. The acts and/or omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

8. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

9. Defendant provides substance abuse prevention, intervention, and mental health treatment services to individuals battling addiction.

10. Defendant provides these services to individuals through the use of Therapists who regularly work with patients undergoing treatment. These Therapists are essential and integral to Defendant's operation.

11. On information and belief, Defendant has employed at least fifty (50) individuals as Therapists within the previous three (3) year period who are similarly situated to Plaintiff.

## FLSA COVERAGE

12. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during Plaintiff's employment period. More specifically, Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

13. During employment with Defendant, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clip boards, computers, computer keyboards, pens, pencils, paper, cables, and other tools, etc.

14. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant an enterprise covered by the FLSA.

15. Upon information and belief, Defendant grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

16. During all material times hereto, Defendant operated a residential center that was primarily engaged in the care of the sick and/or mentally ill or defective individuals who resided

on the premises thereof. Accordingly, Defendant was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(B).

17. During all material times hereto, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

18. Plaintiff began working for Defendant in approximately April 23, 2017, and continued to work for Defendant through December 29, 2020.

19. During all times periods pertinent to this Complaint, Plaintiff and all other similarly situated Therapists were compensated on an hourly rate basis.

20. Defendant misclassified Plaintiff and all other similarly situated Therapists as exempt employees under the FLSA and paid Plaintiff and other similarly situated Therapists based on the number of hours they worked.

21. Defendant compensated Plaintiff and similarly situated Therapists a regular hourly rate of $23.08 per hour for each of the first forty hours worked in a workweek. However, Defendant failed to compensate Plaintiff and all other similarly situated Therapists at the federally mandated rate of 1.5 times their regular hourly rate when more than forty (40) hours were worked in a week.

22. Plaintiff worked an average of forty-four (44) to forty-five (45) hours per week during her employment with Defendant.

23. During all times material hereto, Defendant was expressly aware of the work performed by Plaintiff and other similarly Therapists but nevertheless required Plaintiff and Therapists to continue working without receiving proper overtime compensation.

24. Defendant refused to pay Plaintiff and similarly situated Therapists proper compensation for overtime at the federally mandated rate of time and one half for work exceeding forty (40) hours in one or more workweeks within the past three (3) years.

25. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

26. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA").

28. Plaintiff claims the time-and-one-half rate for each hour she worked in excess of forty (40) per week during her employment with Defendant.

29. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendant knew, or should have known, of the overtime requirements of the FLSA and nevertheless refused to comply with same.

30. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

31. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, BERNITA PLOWDEN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, DRUG ABUSE FOUNDATION OF PALM BEACH COUNTY, INC. and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c)

reasonable attorney's fees and costs to be paid by the Defendant, and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, BERNITA PLOWDEN, requests and demands a trial by jury on all appropriate claims.

**Dated this 8th day of February 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 8, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: