UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:21-cv-80290-AHS

BERNITA PLOWDEN, and all others
similarly situated,

    Plaintiff,

v.

DRUG ABUSE FOUNDATION OF
PALM BEACH COUNTY, INC.,

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

Plaintiff, Bernita Plowden, and consenting plaintiff, Frantz Morency, and Defendant Drug Abuse Foundation of Palm Beach County, Inc. (collectively the "Parties"), through their respective counsel, hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of the FLSA settlement agreement.

The Parties jointly move the Court for entry of an Order approving the Parties' FLSA settlement agreements (the "Agreements") and for dismissal of this action with prejudice. A copy of the executed Agreements will be provided to the Court for *in camera* inspection.

### I.    Background

Plaintiff Plowden asserts a claim for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). The consenting plaintiff Morency joined the suit by filing his notice of consent. Hereinafter, Plowden and Morency will be collectively

referred to as, "Plaintiffs."

Defendant asserts that Plaintiffs were properly classified as exempt professionals under the FLSA, always paid them a salary with limited and lawful deductions from their salary and denies that Plaintiffs are due any compensation under the FLSA. Plaintiffs maintain that they were paid an hourly wage instead of a salary, therefore they were not exempt professionals from the overtime provisions of the FLSA, and therefore suffered violations of unpaid overtime wages throughout their employment periods.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Agreement.

## II.     Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides

>some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims. The proposed settlement arises out of an action by Plaintiffs against their former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding *Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiffs were and are represented by counsel.

The Parties' settlement of the unpaid overtime wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiffs were exempt from the overtime provisions of the FLSA, (b) whether Plaintiffs were paid a predetermined amount each pay period, (c) whether proper or improper deductions were made to the predetermined biweekly pay, (d) whether Defendant's actions were non-willful, and (e) whether Defendant acted in good faith.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;

      (4) the probability of plaintiff's success on the merits;
      (5) the range of possible recovery; and
      (6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

    As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiffs, represented by counsel, filed a claim for unpaid overtime wages against Defendant, also represented by counsel. Both parties are represented by counsel experienced in FLSA matters and routinely litigate labor and employment matters. The Parties have decided to resolve the claim only due to the disputed issues of facts and inherent risks of litigation. *Infra.*

    As to the *second factor*, Plaintiff filed a motion for conditional certification which if granted would have complicated and prolonged this action. Moreover, this action potentially would have required the exchange and analysis of thousands of documents and at least ten depositions. The Parties would have had to expend significant time and resources in preparation for trial, as well as attend a week-long trial. Additionally, there is the possibility that the non-prevailing party would appeal the summary judgment or verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. The expense of litigation to Defendant is far greater than the amount of the settlement.

    As to the *third factor*, the litigation is currently in the discovery phase. The Parties intended to depose the other's clients and numerous witnesses. The Parties exchanged documents and discussed the disputed issues at the settlement conference in this action and afterwards, which spurred settlement.

As to the *fourth factor*, the Parties dispute whether (a) Plaintiffs were exempt from the overtime provisions of the FLSA, (b) Plaintiffs were paid a predetermined amount each pay period, (c) proper or improper deductions were made to the Plaintiff's predetermined biweekly pay, (d) Defendant's actions were non-willful, and (e) Defendant acted in good faith.

Plaintiffs contend the alleged FLSA violations lacked good faith and liquidated damages should be imposed. Defendant alleges it acted in good faith and that its actions or omissions were based on reasonable grounds for believing that it was not a violating the FLSA. Assuming, *arguendo*, Defendant's position is correct, Plaintiffs would be precluded from recovering liquidated damages.

Moreover, during the litigation, Defendant provided evidence supporting its contention that the alleged violations were not willful, therefore, the three-year statute of limitations would not apply, even if a violation was found, which Defendant denies. That evidence was strongly considered by Plaintiffs in reaching the settlement.

As to the *fifth factor*, should Defendant have prevailed based on any of its defenses, Plaintiffs potentially may have recovered far less than what is claimed in the Complaint, not recovered anything or may have owed a cost judgment to the Defendant. Should Plaintiffs prevail, the Defendant could have been indebted to the Plaintiffs and potentially others for a Judgment for wages, for part or the entire of Plaintiffs' claims, as well as an award for liquidated damages, and attorney's fees and costs. Additionally, had this litigation continued, there is the possibility that the Court would have granted conditional certification. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investiture of additional time to continue to litigate this case, and the additional expenditure of fees and costs

that will accrue as this matter moves forward. In recognition of these concerns, the Parties have agreed to resolve this action.

Defendant is confident that it did not run afoul of the FLSA in connection with these and other exempt professional therapists. Defendant believes it would have ultimately prevailed in this case on its exemption defense but likely would have had to litigate many opt-in claims, thereby drastically increasing the costs of this litigation. Therefore, to protect itself as much as possible, it offered an amount for wages to Plaintiffs, as well as an additional amount of money not otherwise owed to Plaintiffs under the FLSA, as consideration for confidentiality and to prevent them from actively encouraging other therapists to bring similar claims.

Plaintiffs' attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. The Parties respectfully submit that Plaintiffs' counsel is receiving a reduced amount in attorneys' fees. Plaintiffs' counsel is receiving its full reimbursement for costs.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and their counsel discussed the viability of their claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

Case No. 21-cv-80290-AHS

The Parties, through their attorneys, voluntarily authorized to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by the Parties.

### III.  Conclusion

For these reasons, the Parties jointly request that this Court approve the Parties' FLSA settlement agreement and request that the Court dismiss this entire action with prejudice.

Dated this 17th day of May, 2021.                                  Respectfully submitted,

| | |
|---|---|
| **JACKSON LEWIS P.C.** | **USA EMPLOYMENT LAWYERS** |
| One Biscayne Tower, Suite 3500 | **JORDAN RICHARDS, PLLC** |
| 2 South Biscayne Boulevard | 805 E. Broward Blvd. Suite 301 |
| Miami, Florida 33131 | Fort Lauderdale, Florida 33301 |
| Tel: (305) 577-7600 | Tel: (954) 871-0050 |
| *Counsel for Defendant* | *Counsel for Plaintiffs* |
| | |
| By: /s/ *Paul F. Penichet* | By: */s/ Melissa Scott* |
| PAUL F. PENICHET, ESQUIRE | JORDAN RICHARDS, ESQUIRE |
| Florida Bar No. 899380 | Florida Bar No. 108372 |
| TIEXIN YANG, ESQUIRE | MELISSA SCOTT, ESQUIRE |
| Florida Bar No. 1010651 | Florida Bar No. 1010123 |
| paul.penichet@jacksonlewis.com | jordan@jordanrichardspllc.com |
| tiexin.yang@jacksonlewis.com | melissa@jordanrichardspllc.com |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 17, 2021.

By: */s/ Melissa Scott*
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123

Case No. 21-cv-80290-AHS

## SERVICE LIST

**PAUL F. PENICHET, ESQUIRE**
Florida Bar No. 899380
*paul.penichet@jacksonlewis.com*
**TIEXIN YANG, ESQUIRE**
Florida Bar No. 1010651
*tiexin.yang@jacksonlewis.com*
**JACKSON LEWIS P.C.**
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 577-7600
*Counsel for Defendant*